IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Gordon P. Gallagher, United States Magistrate Judge

Civil Action No. 18-cv-01881-CMA-GPG

Samuel Collin Robinson,

    Plaintiff,

v.

Colorado Department of Education, Exceptional Student Services Unit,

    Defendant.

---

**RECOMENDATION REGARDING DEFENDANT'S MOTION TO DISMISS**

---

This matter comes before the Court on Defendant's motion to dismiss (ECF # 8),[1] Plaintiff's *pro se*[2] response (ECF# 10) and Defendant's reply (ECF #11). The motion has been referred to this Magistrate Judge for recommendation (ECF #9).[3] The Court has reviewed the pending motion, response, reply and all attachments. The Court has also considered the entire case

---

[1] "(ECF #8)" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Recommendation.

[2] The Court construes Plaintiff's pleadings liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court will not act as an advocate for a pro se litigant. *See Hall*, 935 F.2d at 1110.

[3] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

file, the applicable law, and is sufficiently advised in the premises. On October 3, 2018, the Court held a hearing on the matter to determine whether Plaintiff wished to amend his complaint to instead proceed against the Mesa County Valley School District 51 (Dist. 51) (ECF #13). Plaintiff was afforded the opportunity to consult with the pro se law clinic housed at the Arraj Courthouse in Denver. Plaintiff states that he maintains "that the Colorado Department of Education is the proper defendant to name in this case" (ECF #14). This Magistrate Judge respectfully recommends that the motion be GRANTED.

Factual and Procedural Background

Plaintiff, the divorced father of a 2nd grade student having trouble with pronunciation of "R", brings suit (complaint, ECF #1, p. 3). The father did not suspect that that child had a disability and the mother did. *Id*. The mother consented to an evaluation to determine if the child is disabled and the father did not. *Id*. The parents share equally in educational decision making of the child. *Id*. Plaintiff, the father, requested mediation pursuant to 34 C.F.R. §300.506 regarding whether the child should be evaluated. *Id*. On March 26, 2018, Dist. 51 staff informed Plaintiff that consent of the mother was sufficient for the evaluation to be conducted without mediation. *Id*. This was by way of an email from the Principal of Nisley Elementary to Plaintiff (ECF #1, pp. 8-9). Plaintiff filed a due process complaint with the Colorado Department of Education Exceptional Services Unit (CDE) opposing the Dist. 51 determination denying mediation. *Id.* The School District moved to dismiss and the Plaintiff replied. *Id.* The matter was referred to the Office of Administrative Courts. *Id.*

The agency decision, attached to Plaintiff's complaint as exhibit B (ECF #1, pp. 10-13) was issued by Administrative Law Judge (ALJ) Norcross. The agency decision is captioned Robinson v. Mesa County Valley School District No. 51 and addresses that the "District" moved to dismiss Plaintiff's complaint on the basis that the District needed only one parent's consent in a circumstance where there was joint custody. *Id. passim*. Ultimately, the ALJ upheld the decision of the District on the basis that the District correctly determined that only one parent with the right to consent need consent in order to deprive the non-consenting parent of the opportunity for mediation. *Id.* The ALJ advised Plaintiff of his right to appeal. *Id.* at p. 4 (ECF #1, p. 13). Plaintiff now brings suit against the Colorado Department of Education, Exceptional Student Services Unit (ECF #1).

Defendant's Argument for Dismissal

Defendant, the CDE, moves to dismiss pursuant to Rules 12(b)(1) (jurisdiction) and 12(b)(6) (failure to state a claim) (ECF #8, p. 3). According to the CDE, it (the CDE) is not the proper Defendant in this action, rather, that should instead be Mesa County/District 51. *Id.* at pp. 4-5. The CDE argues that: (1) all actions below were undertaken by the District (ECF #8, p. 5); and (2) the CDE's role as the State Education Authority (SEA) is to provide an impartial forum- which does not place the CDE in an adversary role to the Plaintiff, *Id.*

Plaintiff's Response

Plaintiff responds, arguing that the CDE is the correct Defendant because "the complaint offers an opportunity to correct precedent that is governing decisions in case after case" (ECF #10, p. 1). Essentially, Plaintiff's theory as to why the CDE is the correct Defendant is that: (1) the local school district relied on legal precedent from another CDE decision and not on specific language of the IDEA [Individuals with Disabilities Education Act]; (2) the CDE decision relied on one or more other decisions from other jurisdictions; and (3) the manner of correcting what Plaintiff perceives to be an incorrect reading of the law is to pursue suit against the CDE. *Id. passim*.[4]

Standard of Review

Where, as here, a defendant seeks dismissal under Rule 12(b)(1) and Rule 12(b)(6) in the alternative, "the court must decide first the 12(b)(1) motion for the 12(b)(6) challenge would be moot if the court lacked subject matter jurisdiction." *Mounkes v. Conklin*, 922 F.Supp. 1501, 1506 (D. Kan. 1996) (citing *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990)).

Rule 12(b)(1)

Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of subject matter jurisdiction." Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case, but only a determination that the court lacks authority to adjudicate the

---

[4] As discussed *supra* a hearing was held in this matter (ECF #13). As Plaintiff proceeds *pro se*, a discussion occurred during the hearing as to correcting legal precedent a party believes to be wrong and the correct method of doing so, e.g., one cannot file suit against an appellate court to change its precedent but must proceed with a case through the courts in the prescribed manner. Additionally, Plaintiff was afforded an opportunity to receive legal advice on this topic from the pro se clinic.

4

matter. *See Pueblo of Jemez v. United States*, 790 F.3d 1143, 1151 (10th Cir. 2015) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). A court lacking jurisdiction "must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." *Id.* (citing *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1016 (10th Cir. 2013)). A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere [conclusory] allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *Pueblo of Jemez*, 790 F.3d at 1151. Generally, a court does not have jurisdiction over a party not named as a respondent in an administrative action. *See Rubidoux v. Johnston*, 954 F.Supp. 1477, 1480 (D. Colo. 1997) (dismissing a party not named in an EEOC matter as a respondent for lack of subject matter jurisdiction).

Rule 12(b)(6)

The Court may dismiss a complaint for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). Dismissal under Rule 12(b)(6) may also be based on the lack of a cognizable legal theory. *See Golan v. Ashcroft*, 310 F. Supp. 2d 1215, 1217 (D. Colo. 2004). To withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain enough allegations of fact, which, taken as true, "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012). Although allegations of fact are accepted as true, legal conclusions are not. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Mere "labels and conclusions" and "a formulaic recitation of the elements of a cause of action" will not suffice. *Twombly*, 550 U.S. at 555. "Factual allegations

5

must be enough to raise a right to relief above the speculative level." *Id*. Accordingly, the Court disregards conclusory statements and looks only to whether the remaining factual allegations plausibly suggest the defendant is liable. *Khalik*, 671 F.3d at 1190-91. "Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, L.L.C. v. Schneider,* 493 F.3d 1174, 1177 (10th Cir.2007) (quoting *Bell Atlantic Corp.,* 127 S. Ct. at 1974).

Analysis

As set forth *supra*, Plaintiff initiated his due process complaint against Dist. 51 (ECF #1, p. 10). Pursuant to the IDEA, a state is to delegate the hearing process to a hearing officer who is not an employee of the SEA. 20 U.S.C. §1415(f)(3)(A). In this matter, the ALJ was appointed from the Colorado Office of Administrative Courts (ECF #1, p. 10). At the conclusion of the ALJ's decision, the ALJ advised Plaintiff (complainant) of his appellate right(s) pursuant to 34 C.F.R. §§ 300.514 (b) and 300.516 (ECF #1, p. 13). Pursuant to 300.516, the district courts of the United States have jurisdiction to hear said appeals.

"The IDEA provides federal funding to states to assist with the education of disabled children on the condition that states comply with the Act's extensive goals and procedures." *Jefferson County Sch. Dist. R-1 v. Elizabeth E. ex rel. Roxanne B.*, 702 F.3d 1227, 1229 (10th Cir. 2012) (internal quotation marks and citation omitted). As set forth above, aggrieved individuals have the right to a hearing and the post hearing appellate process. Any person aggrieved by the

findings and decision of the due process hearing officer "shall have the right to bring a civil action" in state or federal court. 20 U.S.C. § 1415(i)(2)(A).

This is a matter where the record demonstrates that the action below was against the LEA (local education agency)-District 51. The role of the SEA, the CDE, was to provide for the administrative process. As stated, that was accomplished by furnishing an ALJ and impartial hearing process through the Colorado Office of Administrative Courts. To the extent that Plaintiff may have a claim against the SEA, that has not been litigated below, exhaustion has not occurred, and the statutory right to appeal is not present.

The 10th Circuit held in *Chavez* that an SEA not involved in the actual provision of direct services is properly exempted from the administrative process. *Chavez ex rel. M.C. v. New Mexico Public Educ. Dept.*, 621 F. 3d 1725, 1289 (10th. Cir. 2010). In the present action Plaintiff does not allege that the CDE was or should have provided direct services but rather argues that the CDE is the appropriate Defendant in this matter due to the precedential nature of its decisions relied upon by the ALJ (ECF #13, pp. 1-2). This is an important distinction pursuant to *Chavez* because the 10th Circuit left open an opportunity to proceed against the SEA when the nature of the action was for failure of the SEA to provide services when the LEA failed to do so. *Chavez*, 621 F.3d at 1285. The *Chavez* exception applies when there is a local inability or refusal to provide services, e.g., a lack of funding at the local or district level, and the regional or state program must intervene- essentially an SEA cannot insulate itself by throwing the matter back on the LEA when the SEA should have gotten involved. *Id*. at 1285-86. That exception does not apply here. This is not a circumstance where District 51 would have been unable to afford mediation to Plaintiff but instead where the ALJ determined that the Complainant below was not entitled to mediation "as a matter of law, [because] the District does not need both parents' consent . . ." (ECF #1, p. 10).

Simply put, this is not a funding or resource matter. This is a matter where the ALJ, as a matter of law, found for District 51 below and District 51 is the correct Defendant-or would be had Plaintiff chosen to proceed differently-in this Court. The LEA was the proper Respondent in the agency appeal and would have been the proper Defendant in the District Court appeal. The CDE is the wrong Defendant-Plaintiff has filed suit against the wrong party. Based on the application of the current law to this action this Court does not have jurisdiction over the CDE and thus this Magistrate Judge respectfully recommends that the motion to dismiss be GRANTED pursuant to Rule 12(b)(1). As I recommend dismissal under Rule 12(b)(1), I do not reach Defendant's alternate theory under Rule 12(b)(6). *See Mounkes v. Conklin*, 922 F.Supp. at 1506.

Amendment of the Complaint

Plaintiff, in his response to the motion to dismiss stated "[s]hould the court, instead, see fit to grant the motion, Robinson would request that the order allow the complaint to be amended" (ECF # 10, p. 1). As stated *supra* the Court held a hearing on this matter on October 3, 2018 (ECF #13). Plaintiff, following that hearing, made an unequivocal decision to proceed against the CDE stating "Robinson maintains that the Colorado Department of Education is the proper defendant to name in this case" (ECF #14). It is not clear whether Plaintiff still wishes to alternatively move to amend and a response to a motion to dismiss is not the proper place to so move. *See* D.C.COLO.L.CivR 7.1(d) ("A motion shall not be included in a response or reply to the original motion. A motion shall be filed as a separate document"). Further, significant matters would require briefing to determine if such a motion was futile, e.g,. relation back under Rule 15(c). A motion to amend may be denied when the proposed amendment is futile. *Jefferson County Sch.*

*Dist. No. R-1 v. Moody's Investor's Services, Inc.*, 175 F.3d 848, 859 (10th Cir. 1999). A proposed amendment is futile if the complaint, as amended, would be subject to dismissal. *Id.* The Court is not in the posture to be able to make a determination as to those issues based on the record at hand. For those reasons, the Court does not recommend amendment of the complaint-at this time, under these circumstances, and as proposed within a response-to substitute District 51 for the CDE.

Dated at Grand Junction, Colorado this November 5, 2018.

_____

Gordon P. Gallagher

United States Magistrate Judge