IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 18-cv-01881-CMA-GPG

SAMUEL COLLIN ROBINSON,

　　Plaintiff,

v.

COLORADO DEPARTMENT OF EDUCATION, EXCEPTIONAL STUDENT SERVICES UNIT,

　　Defendant.

---

**ORDER ADOPTING NOVEMBER 5, 2018 RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

This matter is before the Court upon the November 5, 2018 Recommendation (Doc. # 15) by United States Magistrate Judge Gordon P. Gallagher that this Court grant Defendant Colorado Department of Education's ("CDE") Motion to Dismiss (Doc. # 8). Plaintiff Samuel Collin Robinson filed an Objection (Doc. # 16) to the Recommendation on November 16, 2018, and Defendant filed a Response (Doc. # 19) on December 13, 2018. For the reasons that follow, the Court affirms and adopts the Recommendation, granting Defendant's Motion.

## I.　BACKGROUND

The Magistrate Judge's Recommendation provides a recitation of the factual and procedural background of this dispute and is incorporated herein by reference. *See* 28

U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Accordingly, this Order will reiterate only what is necessary to address Defendant's objections.

Plaintiff is the father of a second-grade student, and he is divorced from his son's mother. The parents share decision making responsibilities with regard to their son's education. Plaintiff and his ex-wife had a disagreement as to whether their son may have a disability—Plaintiff did not believe his son had a disability, but his ex-wife did. Accordingly, when the school which Plaintiff's son was attending sought to perform an evaluation to test for possible disabilities, Plaintiff objected, but his ex-wife consented. (Doc. # 1 at 3.)

Subsequently, the school district informed Plaintiff that his ex-wife's consent alone was sufficient for the evaluation to be conducted without mediation. (Doc. # 1 at 8.) Therefore, Plaintiff filed a due process complaint with the Colorado Department of Education Exceptional Services Unit, opposing the school district's determination denying mediation. The matter was referred to the State of Colorado Office of Administrative Courts. (Doc. # 15 at 2.) The parties to the matter were Plaintiff and Mesa County Valley School District No. 51 ("the District"). (Doc. # 1 at 10.) Defendant was not a party.

On May 3, 2018, the ALJ issued a decision granting the District's Motion to Dismiss. (*Id*. at 13.) Specifically, the ALJ determined that Plaintiff

> may not use the due process complaint procedures to overcome the Student's mother's consent for the evaluation. Because both [Plaintiff] and the Student's mother share equally in the Student's educational decision-making, the District does not need the consent of both parents in order to perform the evaluation. The District may proceed using the written consent it obtained from the Student's mother.

2

(*Id.*) Additionally, the ALJ advised Plaintiff of his appellate rights.

As a result, Plaintiff filed the instant action, seeking reversal of the ALJ's decision. (*Id*. at 6.) Plaintiff named the Colorado Department of Education Exceptional Services Unit as the only defendant. Plaintiff did not name the District as a defendant, as he did below.

On August 30, 2018, Defendant filed a Motion to Dismiss, which was fully briefed. (Doc. ## 8, 10, 11.) This Court referred the Motion to Magistrate Judge Gallagher. (Doc. # 9.) Accordingly, the magistrate judge issued a Recommendation (Doc. # 15) which concluded that Defendant's Motion should be granted.

## II. LEGAL STANDARDS

### A. REVIEWING AN OBJECTION TO A MAGISTRATE JUDGE'S RECOMMENDATION

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommended] disposition that has been properly objected to." An objection is properly made if it is both timely and specific. *United States v. One Parcel of Real Property Known As 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996). In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

## B. *PRO SE* STATUS

When a party proceeds *pro se*, as Plaintiff does here, the court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). However, it is not "the proper function of the district court to assume the role of advocate for the *pro se* litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A *pro se* litigant is still bound by the rules of federal and appellate procedure. *Abdelsamed v. United States*, 13 F. App'x 883, 884 (10th Cir. 2001).

## C. RULE 12(b)(1)

Dismissal pursuant to Rule 12(b)(1) is appropriate if the Court lacks subject matter jurisdiction over claims for relief asserted in the complaint. "The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction." *Port City Props. v. Union Pac. R.R. Co.*, 518 F.3d 1186, 1189 (10th Cir. 2008). Rule 12(b)(1) challenges are generally presented in one of two forms: "[t]he moving party may (1) facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or (2) go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests." *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1074 (10th Cir. 2004) (quoting *Maestas v. Lujan*, 351 F.3d 1001, 1013 (10th Cir. 2003)); *see Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002). When reviewing a facial attack, a court takes the allegations in the complaint as true, but when in reviewing a factual

4

attack, the court does not presume the truthfulness of the complaint's factual allegations and may consider affidavits or other documents to resolve jurisdictional facts. *Holt v. United States*, 46 F.3d 1000, 1002–03 (10th Cir. 1995).

### III.    DISCUSSION

The Court lacks jurisdiction over the instant case. Plaintiff's claims arise under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1401, *et seq*. The Tenth Circuit has made clear that before a plaintiff may bring an action in federal court under the IDEA, the plaintiff must first exhaust the statute's administrative remedies. *Ellenberg v. N.M. Military Inst.*, 478 F.3d 1262, 1275 (10th Cir. 2007); *McQueen ex rel. McQueen v. Colorado Springs Sch. Dist. No. 11*, 488 F.3d 868, 874 (10th Cir. 2007) ("Only after the state agency has issued its decision may a party bring 'a civil action with respect to the complaint' in state or federal court." (quoting 20 U.S.C. § 1415(i)(2)(A) (further citation omitted)).

Plaintiff's initial complaint was filed against the District and not the CDE. (Doc. # 1 at 10.) Therefore, Plaintiff may not bring a civil action under the IDEA against the CDE because Plaintiff has not exhausted the statutory remedies available for any complaint he may have against the CDE. Moreover, Plaintiff is not excused from the IDEA exhaustion requirement because there is no indication that the administrative procedure under the IDEA could not provide Plaintiff with the relief he is seeking and there is no indication that the purposes of exhaustion—relevant here, giving the agency the first opportunity to correct alleged errors—are not served in these circumstances. *McQueen*, 488 F.3d at 873–876; *Doe ex rel. Brockhuis v. Arizona Dep't of Educ.*, 111 F.3d 678,

682 (9th Cir. 1997) (administrative exhaustion not excused for plaintiff alleging a "systematic" violation of the IDEA "if the administrative process is capable of correcting the problem."). Therefore, Plaintiff's claim must be dismissed for lack of jurisdiction. *Ellenberg*, 478 F.3d at 1279.

## IV. CONCLUSION

For the foregoing reasons, the Court ORDERS that Magistrate Judge Gallagher's Recommendation (Doc. # 15) is AFFIRMED and ADOPTED as an Order of this Court. It is

FURTHER ORDERED that Defendant Colorado Department of Education's Motion to Dismiss (Doc. # 8) is GRANTED. It is

FURTHER ORDERED that because Plaintiff has not yet fully availed himself of the administrative remedies available under the IDEA with respect to the Colorado Department of Education, this Court cannot yet decide whether Plaintiff should be afforded the relief he seeks. Accordingly, for the reasons above, the Court dismisses WITHOUT PREJUDICE the entirety of Plaintiff's Complaint (Doc. # 1).

DATED: April 3, 2019

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge